IN THE
UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| vs. | ) | The Honorable |
| | ) | Robert W. Gettleman |
| ANDREW PATTERSON | ) | |
| | ) | No. 95 CR 242-1 |

**MOTION FOR REDUCTION OF SENTENCE**

Defendant Andrew Patterson, by his attorney Heather L. Winslow, respectfully moves this Court, pursuant to 18 U.S.C. § 3582(c) and §§ 1B1.10 and 2D1.1 of the sentencing guidelines, for an order reducing his term of imprisonment. Because the retroactive amendment to the drug table reduces the applicable base offense level in Mr. Patterson's case by reducing the base offense level for all drug types by two levels, an adjusted sentence reflecting the recent change to the guidelines is appropriate.

In support of his motion, Mr. Patterson states the following:

1. Mr. Patterson is currently serving sentence of 262 months for conspiracy to distribute of crack cocaine. This Court originally sentenced him to life in prison, but subsequently reduced the sentence pursuant to the 2007 and 2010 amendments to the sentencing guidelines.

2. On November 1, 2014, the Sentencing Commission lowered the base offense level for all drug types by two levels. *See* U.S.S.G. Appendix C, Amdt. 782. The Commission determined that Amendment 782 applies retroactively and included it among the guideline amendments covered by § 1B1.10, which states:

> In a case in which a defendant is serving a term of imprisonment,
> and the guideline range applicable to that defendant has

1

> subsequently been lowered as a result of an amendment to the Guidelines Manual listed in subsection (c) below, the court may reduce the defendant's term of imprisonment as provided by 18 U.S.C. § 3582(c).

§ 1B1.10(a)(1). The effective date for the new, retroactive crack amendments is November 1, 2014; however, the amendment prohibits the Court from ordering the release of any individual before November 1, 2015.

3. Section 3582(c) of Title 18 gives this court jurisdiction to reduce the term of imprisonment of qualifying defendants who have been convicted of a drug crime and whose sentence was determined by using the drug quantity table in U.S.S.G. § 2D1.1:

> In the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. § 994(o), upon motion of the defendant, . . . the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent they are applicable, if such reduction is consistent with applicable policy statements issued by the Sentencing Commission.

4. In addition, § 1B1.10(b)(1) suggests that, in determining whether, and to what extent, a reduction in defendant's term of imprisonment is warranted, "the court shall determine the amended guideline range that would have been applicable to the defendant if the amendment(s) to the guidelines...had been in effect at the time the defendant was sentenced."

5. Mr. Patterson was found guilty after trial. This Court has concluded that the quantity of crack involved in this case is 1.5 kilograms. The applicable offense level at the time of his original sentencing was for this quantity of crack was 42. Mr. Patterson has a criminal history in category II. Therefore, his original sentencing range was life.

6. In 2009, this Court granted Mr. Patterson's motion to reduce his guideline range under Amendment 706, and imposed a new sentence of 324 months plus 120 months.

2

7. In 2012, this Court granted Mr. Patterson's motion to reduce his guideline range under Amendment 750, and imposed a new sentence of 262 months plus 120 months.

8. Mr. Patterson now moves the Court to reduce his sentence by two levels under Amendment 782 which lowered the base guideline level for all drug and chemical types listed in U.S.S.G. § 2D1.1. The Commission chose to make this amendment retroactive, and therefore applicable to Mr. Patterson, by including it among the amendments covered by U.S.S.G. § 1B1.10:

> Application to Amendment 782.—As specified in subsection (d) and (e)(1), Amendment 782(generally revising the Drug Quantity Table and chemical quantity tables across drug and chemical types) is covered by this policy statement only in cases in which the order reducing the defendant's term of imprisonment has an effective date of November 1, 2015, or later.
>
> A reduction based on retroactive application of Amendment 782 that does not comply with the requirement that the order take effect on November 1, 2015, or later is not consistent with this policy statement and therefore is not authorized under 18 U.S.C. § 3582(c)(2).
>
> Subsection (e)(1) does not preclude the court from conducting sentence reduction proceedings and entering orders under 18 U.S.C. § 3582(c)(2) and this policy statement before November 1, 2015, provided that any order reducing the defendant's term of imprisonment has an effective date of November 1, 2015, or later.

9. Mr. Patterson is currently serving his sentence at the Federal Correctional Institution in Ashland, Kentucky. His release date is projected to be January 11, 2023. Since his arrival in Kentucky, Mr. Patterson has participated in over 38 prison programs. He has received no disciplinary sanctions, and has earned certificates in personal finance, history, drug abuse education, victim impact awareness and 11 other areas. He earned his GED diploma in June 2014.

According to his Inmate Skills Development Plan, Mr. Patterson has maintained excellent relationships with his family throughout his incarceration and has actively participated in

programs within the Bureau of Prisons. It is clear from his current evaluation that Mr. Patterson is as close to the model prisoner as anyone could be.

10. Should this Court grant Mr. Patterson's motion for a sentence reduction under Amendment 782 to the sentencing guidelines, his base offense level would be reduced to 36. Mr. Patterson remains in criminal history category II. Thus, Mr. Patterson's sentence would be reduced to 210 months, plus 120 months.

WHEREFORE, based on the foregoing, Mr. Patterson moves for a reduction of his sentence by retroactive application of Amendment 782 pursuant to § 3582(c) and § 1B1.10 of the guidelines.

/s/ Heather L. Winslow

HEATHER L. WINSLOW
53 West Jackson Blvd. Ste. 1560
Chicago, IL 60604
312/322-0017